Lawrence A. **CHRISTENSEN,**
**Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. CX–86–1346.**

Court of Appeals of Minnesota.

Jan. 20, 1987.

Review Denied March 18, 1987.

C. Paul Jones, Minn. State Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas Johnson, Hennepin Co. Atty.,

Beverly J. Wolfe, Asst. Co. Atty., Minneapolis, for respondent.

Considered and decided by CRIPPEN, P.J., and LANSING and NIERENGARTEN, JJ., with oral argument waived.

## MEMORANDUM OPINION

LANSING, Judge.

### FACTS

Lawrence Christensen has a history of committing sexual crimes against young children, beginning when he was a juvenile. He was first convicted as an adult in 1973 for indecent conduct for a sexual offense against a child. He received three years of treatment and was released from custody in August 1976. In December 1976 he was again charged with sexually assaulting a child. The trial court ordered a psychiatric evaluation at Hennepin County Medical Center. He escaped from the hospital and sexually assaulted an 11–year–old boy.

Christensen pled guilty to two counts of criminal sexual conduct and one count of escape from custody. The Minnesota Security Hospital evaluated Christensen as unsuitable for treatment and recommended he be sentenced to a maximum security facility for the protection of society. He was sentenced to three-to-twenty years for each of the criminal sexual conduct convictions, to be served consecutively. He was also sentenced to a concurrent sentence of zero-to-five years for escape from custody.

In December 1981 Christensen filed a petition for post-conviction relief under Minn.Stat. § 590.01, subd. 3 (Supp.1981), requesting resentencing in accordance with the sentencing guidelines. Under his current sentence, he will be released in 2005. If resentenced to the presumptive sentence under the sentencing guidelines (97 months), he would be eligible for immediate release.

The post-conviction court ordered a psychological evaluation and two evaluations for admission to the sexual offender treat-

ment program at the Minnesota Security Hospital at St. Peter. Christensen was evaluated as unsuitable for the treatment program because of his unwillingness to acknowledge sexual problems. All evaluations concluded that without extensive, long-term treatment, Christensen remains a threat to society, especially young children.

On May 14, 1986, after the evaluations had been completed, a hearing was held on Christensen's post-conviction petition. Christensen testified that he would not sexually abuse children if released. He stated that he wanted treatment for socialization problems, but that he didn't believe he needed sexual offender treatment.

The post-conviction court concluded that the record could not support a finding that Christensen's early release would "not present a danger to the public and is not incompatible with the welfare of society" and concluded instead that early release would "present a danger to the public and would be incompatible with the welfare of society." The request for resentencing was denied.

### DECISION

Because of the violent nature of Christensen's offenses, the fact that his victims were children, his history of recidivism after long-term treatment, and his unsuitability for treatment at this time, the post-conviction court properly refused to find that Christensen met his burden of showing he would not present a danger to the public and his release would be compatible with the welfare of society. *State v. Champion*, 319 N.W.2d 21 (Minn.1982).

Affirmed.